UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNY FRANCIQUE,

        *Petitioner*,

v.                                     Case No. 3:25-cv-488-JEP-MCR

C. LANE,

        *Respondent.*

_____/

## **ORDER**

Petitioner, Johnny Francique, an inmate in the Florida prison system, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1; Petition). In the Petition, it appears Petitioner challenges the findings and the disciplinary confinement resulting from a state disciplinary proceeding, D.R. Log 231-250058.

A state prisoner who challenges a prison disciplinary proceeding as violative of his or her due process rights may seek federal habeas review, but the petition must be reviewed under the standards of both 28 U.S.C. § 2254(d) and 28 U.S.C. § 2241. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). The Supreme Court's holding in *Wolff v. McDonnell*, 418 U.S. 539 (1974), governs the due process protections afforded a prisoner in a disciplinary proceeding. Because disciplinary proceedings are not part of a criminal

prosecution, the full panoply of rights due to a defendant in a criminal proceeding does not apply. *Id.* at 556. Instead, under *Wolff*, such a prisoner is entitled to: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity—consistent with institutional safety and correctional goals—to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinders of the evidence relied upon and reason for the disciplinary action. *Id.* at 563–66. Also, the Supreme Court explained that there must be "some evidence" to support the findings of the disciplinary hearing team to satisfy due process.

The Court notes that Petitioner attempts to raise "due process" concerns by stating that the disciplinary board did not comply with various sections of the Florida Administrative Code during the disciplinary process. Specifically, Petitioner alleges that the disciplinary charge must be dismissed because the disciplinary report charged multiple offenses, violating Florida Administrative Code Rule 33-601.304(1), and prison officials failed to dismiss the charge on that basis pursuant to Florida Administrative Code Rule 33-601.308. *See* Petition at 7; Doc. 1-1 at 2. However, in a federal petition for habeas corpus, "the question is not whether state law or an administrative departmental policy was violated, but is limited to whether Petitioner's allegations rise to the level of a federal constitutional violation and whether the procedural deficiencies are ones that violated Petitioner's due process rights guaranteed

2

to him under the Fourteenth Amendment of the United States Constitution." *See Taylor v. Dixon*, No. 2:24-cv-183-JLB-NPM, 2024 WL 4213248, at *3 n.2 (M.D. Fla. 2024).[1]

Here, Petitioner merely challenges the disciplinary proceeding on the basis of procedural deficiencies which are alleged violations of administrative code, not those which violate his due process rights under the Fourteenth Amendment. Importantly, while Petitioner alleges this disciplinary charge must be dismissed because the report charged multiple offenses, he attaches the findings of Disciplinary Report Log #231-25008. Doc. 1-2 at 2. This shows that he was charged and found guilty of just one offense: Battery or Attempted Battery on a Correctional Officer. *Id.* Petitioner does not suggest he did not have adequate notice of the offense. Moreover, the report clearly indicates the basis of the findings and demonstrates that the review team considered evidence as requested by Petitioner. Thus, Petitioner has not articulated any colorable due process violation in reference to this disciplinary action.

---

[1] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Accordingly it is:

**ORDERED**:

1.    This case is **DISMISSED** without prejudice.

2.    The **Clerk** shall enter judgment dismissing this action without prejudice, terminate any pending motions, and close the file.

3.    If Petitioner appeals the dismissal of his Petition, the Court denies a certificate of appealability.[2] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ORDERED** in Jacksonville, Florida, on May 8, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

JaxP-12
c:  Johnny Francique, #M18975

---

[2] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).